David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

| | |
|---|---|
| Michelle Forrest, | ) |
| Plaintiff, | ) ) ) No. |
| - against - | ) ) |
| Heartshare Human Services of New York, | ) ) |
| Defendant. | ) ) ) |

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

## I. Introduction

1. This is an action under the Break Time for Nursing Mothers Law; the New York City Human Rights Law; and the New York State Human Rights Law. As set forth in more detail below, the Defendant failed to provide Plaintiff with an appropriate place to express breast milk.

## II. Parties

2. Plaintiff Michelle Forrest ("Plaintiff" or "Ms. Forrest") is a natural person.

3. Defendant Heartshare Human Services of New York ("Defendant" or the "Employer") is a New York not-for-profit corporation with a principle place of business in the State of New York, County of Kings.

### III. Venue and Jurisdiction

4. The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5. The Court has personal jurisdiction over the Employer in that this matter arises from the Employer's employment of the Plaintiff in New York.

6. Venue is appropriate in that this matter in the Eastern District in that the Defendant's principle office is in Brooklyn.

### IV. Background

7. At all times relevant to this complaint, the Employer operated a social services agency.

8. Plaintiff was employed by the Employer for approximately 4 years until her employment ended in late October or early November of 2020.

9. Plaintiff was employed full time and her rate of pay was approximately $22 per hour.

10. In or about January of 2020, Plaintiff advised her supervisors that she was pregnant and that she intended to breastfeed, i.e. that she would need accommodation to express breast milk in the form of a suitable space.

11. However, upon her return from maternity leave, the Employer failed to provide such an accommodation despite multiple requests on the part of the Plaintiff.

12. Additionally, Plaintiff developed mastitis as a result of the Employer's conduct and therefore the Employer's failure to accommodate Plaintiff was also a failure to accommodate a disability.

13. Ultimately, Plaintiff quit the job as more than a month had passed since her return to work without the proper accommodation having been provided.

**V.     Causes of Action and Demand for Relief**

Count One: Violation of the Break Time for Nursing Mothers Law

14. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

15. The Employer violated 29 U.S.C. Section 207(r)(1)(B) by failing to provide the Plaintiff with a "place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk" as set forth in the preceding Paragraphs.

16. As a result of the Employer's failure, Plaintiff lost wages in that she was constructively discharged as a result.

Count Two: Violation of the New York City Human Rights Law

17. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

18. The Employer is covered by the New York City Human Rights Law in that at all times relevant to the matter, it employed 4 or more employees.

19. The Employer violated Plaintiff's rights under the New York City Human Rights Law by (1) failing to provide a suitable lactation space as required by the law; (2) failing to engage in a cooperative dialogue regarding the same; and (3) failing to accommodate a disability.

Count Three: Violation of the New York State Human Rights Law

20. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

21. The Employer is covered by the New York State Human Rights Law in that at all times relevant to this matter, it employed 4 or more employees.

22. The Employer's conduct amounts to unlawful discrimination on the basis of a pregnancy related condition and failure to accommodate a disability as set forth above.

WHEREFORE Plaintiff demands judgment against the Employer in the amount of her lost wages, statutory damages, compensatory damages, in an amount not more than $200,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                        Respectfully submitted,

                                        David Abrams
                                         Attorney for Plaintiff
                                        305 Broadway Suite 601
                                        New York, NY 10007
                                        Tel. 212-897-5821
                                        Fax    212-897-5811

June 4, 2021
New York, New York